IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 98-40313

―――――――――――――――

JAMES WALTER MORELAND

                                        Petitioner-Appellant

versus

WAYNE SCOTT, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

                                        Respondent-Appellee

―――――――――――――――

Appeal from the United States District Court
for the Eastern District of Texas

―――――――――――――――

May 10, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit
Judges.

HIGGINBOTHAM, Circuit Judge:

    James Walter Moreland seeks review of the district court's
denial of his application for federal habeas relief from his
judgment of conviction in 1983 of capital murder and sentence of
death by the State of Texas.  We will not describe the crime here.
It is sufficient to explain that the two victims were each stabbed
numerous times in a small area of the upper portion of their backs.
The pattern of wounds and absence of resistance are consistent with
their being asleep when stabbed.

Moreland's first federal habeas petition was dismissed in October 1995 for failure to exhaust state remedies. The state denied on the merits his application for collateral relief on July 12, 1996, and the present federal suit followed. The district court granted the state's motion for summary judgment on the recommendation of the magistrate judge, refused leave to amend the application, and denied Moreland's request for a certificate of appealability. Moreland has applied to this court for a certificate of appealability. Having filed his federal habeas petition after November 14, 1996, the effective date of AEDPA, he must obtain this certificate in order to appeal.

I

Moreland asks that we grant a certificate of appealability upon eight issues.[1] We decline to issue a COA on any issue except

---

[1](1) Refusal by district court to allocate funds for psychological testing
(2) Refusal by district court to permit discovery of exculpatory evidence
(3) Refusal by district court to permit amendment of habeas application
(4) Prosecution's use of peremptory challenges to exclude venirepersons expressing qualms about the death penalty
(5) Constitutionality of intoxication instruction, effect on jury's consideration of mens rea element
(6) Constitutionality of intoxication instruction, effect on jury's consideration whether to impose death penalty
(7) Constitutionality of statutory bar to informing jury about eligibility for parole
(8) Denial of effective assistance of trial counsel
  (a) Failure to move for dismissal of indictment
  (b) Rejection of favorable plea bargain
  (c) Failure to present corroborating testimony of

Moreland's contention that he did not have the effective assistance of counsel in making his decision to reject a tendered plea bargain. We have the benefit of briefing and oral argument of counsel and proceed directly to the question supported by a COA.

## II

Moreland contends that his attorneys rendered ineffective assistance in rejecting a favorable plea bargain. Moreland contended in his habeas application that the state had offered him a 50-year maximum sentence in exchange for his guilty plea. Because he believed that a trial-court ruling, denying Moreland's motion to suppress a custodial statement, would be reversed on appeal, Moreland's attorney, Billy Bandy, urged him to reject the offer. Mr. Bandy added that he would be running for district attorney in the next election and would arrange for a more favorable plea agreement after the conviction was reversed. Moreland rejected the proposed plea bargain before trial.

Moreland contends that his attorney labored under a conflict of interest because of his anticipated employment as the district attorney. Under Cuyler v. Sullivan, 446 U.S. 335, 348 (1980), prejudice is presumed if it is shown that an actual conflict of

---

family members to establish that defendant acted in self-defense
(d) Failure to present mitigating evidence of long-term alcoholism

3

interest adversely affected counsel's performance. Bandy was not the district attorney at the time of the plea negotiations.[2] He did not then represent adverse interests. At most, Bandy had a conflict related to his own interest in becoming the district attorney. We have limited Cuyler to cases involving multiple representation. See Beets v. Scott, 65 F.3d 1258, 1265-72 (5th Cir. 1995) (en banc). Under Beets, cases in which it is alleged that the attorney's representation was affected by his own self-interest are evaluated under the more relaxed Strickland standard. See id. at 1271-72. Thus, Moreland must show that counsel's errors fell below an objective standard of reasonableness and prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

III

Moreland's specification of ineffective assistance has two distinct aspects; indeed he rolls two claims into one. First, Moreland urges that Bandy was ineffective in that his plans to become district attorney created a conflict of interest. Second, Moreland argues that Bandy was ineffective in urging him to reject the bargain based on Bandy's judgment that an appellate court would overturn any conviction resulting from a finding of guilty.

---

[2]During the pendency of Moreland's direct appeal, Bandy was appointed to fill the unexpired term of District Attorney Melvin Whitaker, effective January 1, 1984. Bandy was elected in the General Election on November 6, 1984, as District Attorney of Henderson County, Texas. The state's brief was filed in December 1985.

4

Bandy's judgment proved to be wrong.  Our question is whether that judgment was beyond the range of competence demanded by the Sixth Amendment.  If it was not, that is the end of the matter.  Whatever role the prospect that Bandy would be the district attorney played in Moreland's decision to reject the bargain, the possibility of Bandy's official influence was never realized because Moreland's appeal was rejected.  The risk Moreland took in declining the plea bargain was the likelihood of appellate success, and he took it believing counsel's prediction about his chances on appeal would prove to be accurate.  Thus, our inquiry focuses on the soundness of that advice.

1

Bandy had to evaluate the chances of persuading the appellate courts that Moreland's statements to the police should not have been admitted.  Moreland did not prevail, but he had a strong argument.  After holding the case for ten years, the Texas Court of Criminal Appeals found, as predicted, that Moreland's arrest was illegal under state law and that the admissibility of Moreland's confession turned on whether the taint from the arrest was sufficiently attenuated.  In answering this determinative question the court applied a test with four factors: (1) whether Miranda warnings were given; (2) the temporal proximity of the arrest and confession; (3) the presence of intervening circumstances; and (4) the purpose and flagrancy of the official misconduct.  Moreland v. State, No. 69,223 (Tex. Crim. App. Jan. 13, 1993) (unpublished) at

5

14. The court held that two of those four factors "weigh[ed] heavily in appellant's favor." Moreland v. State, slip op. at 14. However, it then affirmed. Bandy's alleged prediction, although ultimately incorrect, was not very far wrong. Before ultimately holding against Moreland on his complaint, the Court of Criminal Appeals observed that in Bell v. State, 724 S.W.2d 780, 790 (Tex. Crim. App. 1986), it had "concluded that the taint of an illegal arrest was unattenuated with respect to appellant's first confession where, just as [in Moreland's case], the first and fourth . . . factors militated in favor of the State and the second and third factors 'militate[d] heavily against admission of [the] confession.'" Moreland v. State, slip op. at 16. Thus, Moreland's appeal proved to be a close case, but not a winner. We conclude that Bandy's advice was not unreasonable, but in reaching this judgment, we have assumed the truth of Moreland's factual assertions regarding his counsel's advice. We turn now to that assumption.

2

Magistrate Judge Robert W. Faulkner found that Moreland's claims about Bandy's advice were not credible, and we agree. In a careful opinion, Judge Faulkner pointed out that the claims at issue here regarding Bandy's advice were not made until after Bandy's death and that the claims are silent about Skelton, Bandy's co-counsel. Indeed, after Moreland's conviction in October 1983, the extent of Moreland's ineffective assistance allegation in his

6

pro se motion was that counsel had "failed to inform him of the benefits of accepting an agreed plea bargain."

A review of the record reveals that Moreland's initial basis for his ineffective assistance claim was without merit.  At the outset of the trial Moreland was examined on the record outside the jury's presence by counsel and the presiding state trial judge regarding Moreland's understanding of the tendered plea bargain. The transcript records a detailed examination of Moreland's understanding, including the following exchange:

> THE COURT:  And the Board of Pardons and Paroles has certain policies and procedures, and they change from time to time?
>
> DEFENDANT: Yes.
>
> THE COURT: You understand that?
>
> DEFENDANT: (Nods head up and down.)
>
> THE COURT: What I'm telling you is, that nobody can tell you for sure how long you will stay in prison if you take the plea bargain; you may stay less.
>
> DEFENDANT: Less than fifteen?
>
> THE COURT: Then -- no, less than what Mr. Skelton said, or more.
>
> DEFENDANT: Okay.  Yes, I understand that.
>
> THE COURT: Knowing that, you still wish to turn down the plea bargain?
>
> DEFENDANT: Yes, sir.

IV

7

Judging counsel's performance without benefit of hindsight, see Strickland, 466 U.S. at 689, we cannot say that Bandy's advice, even strongly put, to decline the bargain was objectively unreasonable. The purchase of Bandy's plan to become the district attorney with its prospect of a less hostile climate turned on the outcome of Moreland's appeal -- and did not affect those chances. Nor did it add much persuasive force to Bandy's advice to reject the plea. If the appeal had succeeded, the original plea bargain or better would have been available -- whether or not Bandy was the district attorney at the time. At least that is a reasonable judgment. We reach this judgment even if we assume that Moreland's present factual assertions regarding the rejected plea bargain are credible, and, as the trial judge below, we are not persuaded that they are.

We decline to issue a COA on any remaining issues for essentially the reasons stated by the courts below.

AFFIRMED.